**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Jerry J. BUCKLEY, d/b/a Buckley Development Company and West Side Lumber and Coal Company, Respondent.**

No. 14703.

United States Court of Appeals
Sixth Circuit.

Oct. 4, 1961.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., Thomas Roumell, Director, 7th Region, National Labor Relations Board, Detroit, Mich., for petitioner.

Jerry J. Buckley, Owosso, Mich., for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

DECREE.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a Decree against the respondent herein, enforcing its orders of March 22, 1960 and July 24, 1961. This Court has considered the entire transcript of record filed in this cause and on being fully advised in the premises, issued its decision granting the petition and enforcing the Orders of the Board. In conformity therewith, it is hereby

Ordered, Adjudged and Decreed that respondent, Jerry J. Buckley, d/b/a Buckley Development Company and West Side Lumber and Coal Company, Owosso, Michigan, its agents, successors and assigns shall:

1. Cease and desist from:

(a) Discouraging membership of its employees in the Carpenters District Council of Saginaw Valley (herein called the Carpenters Union) or any labor organization by discriminating against any employee, in regard to hire, tenure, or any other term or condition of employment, except as authorized by Section 8(a) (3) of the National Labor Relations Act, (hereinafter called the Act) as modified by the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 158(a) (3);

(b) Interrogating employees as to their or their fellow employees' membership or interest in or activities on behalf of the Carpenters Union or any other labor organization;

(c) Intimidating or coercing employees by veiled or direct threats of replacements because of the interest or activity of employees on behalf of the Carpenters Union or any other labor organization;

(d) In any other manner interfering with, restraining or coercing employees in the exercise of their right to self-organization, to form labor organizations, to join or assist the Carpenters Union, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purposes of collective bargaining or other mutual aid or protection, or to refrain from any and all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act, as modified by the Labor-Management Reporting and Disclosure Act of 1959.

2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Offer to Thurlow Kelly, Richard Montgomery and Clifford Skodak immediate and full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges, and make each of them, and John Curreli, whole for any loss of pay suffered by reason of the discrimination against them by payment to them the amounts set opposite their respective names.

| John Curreli | $1,521.50 |
| Thurlow Kelly | 901.81 |
| Richard Montgomery | 606.43 |
| Clifford Skodak | 1,563.41 |

(b) Post at its office at Owosso, Michigan, and at two other locations where respondent's employees are currently working, copies of the notice attached hereto and marked Appendix. Copies of said notice, to be furnished by the Regional Director for the Seventh Region of the National Labor Relations Board, Detroit, Michigan, shall, after being signed by respondent's Representative, be posted by respondent immediately upon receipt thereof and maintained by it for 60 consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to insure that said notices are not altered, defaced, or covered by any other material; and

(c) Notify the aforesaid Regional Director in writing within ten days from the date of this Decree what steps Respondent has taken to comply herewith.

(d) This decree is entered without prejudice to the right of respondent, in compliance proceedings, to show why any part of the Board's order ought not to be enforced because of changed circumstances.

APPENDIX

Notice To All Employees

Pursuant To

A Decree of the United States Court of Appeals for the Sixth Circuit, enforcing orders of the National Labor Relations Board, and in order to effectuate the policies of the Labor Management Relations Act, we hereby notify our employees that:

We Will Not discourage membership by our employees in Carpenters District Council Of Saginaw Valley, or in any other labor organization, by discriminating against them, in regard to hire, tenure of employment, or any term or condition of employment, except as authorized by Section 8(a) (3) of the National Labor Relations Act, as modified by the Labor-Management Reporting and Disclosure Act of 1959.

We Will offer to Thurlow Kelly, Richard Montgomery and Clifford Skodak, immediate and full reinstatement to their former or substantially equivalent positions without prejudice to seniority and other rights and privileges previously enjoyed, and make each of them, and John Currel [sic], whole for any loss of pay suffered by reason of the discrimination against them by payment to them the amounts set out opposite their respective names:

| | |
|---|---|
| John Curreli | $1,521.50 |
| Thurlow Kelly | 901.81 |
| Richard Montgomery | 606.43 |
| Clifford Skodak | 1,563.41 |

We Will Not interrogate our employees as to their or their fellow employees' membership, interest in or activities on behalf of the above union or any other labor organization.

We Will Not intimidate or coerce employees by veiled or direct threats of replacement because of the interest or activity of employees on behalf of the above union or any other labor organization.

We Will Not interfere with, restrain or coerce our employees in the exercise of the right to self-organization, to form labor organizations, to join or assist the above union or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or legally to refrain from such activities.

All of our employees are free to become or refrain from becoming members of the above union or any other labor organization.

> Jerry J. Buckley, d/b/a Buckley Development Company and West Side Lumber and Coal Company
> (Employer)

Dated ———— By ————————————
(Representative) (Title)

This notice must remain posted for 60 days from the date hereof and must not be altered, defaced, or covered by any other material.